**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GERRESE DANIELS**

    **Plaintiff,**

v.                                              Case No. 8:05-CV-1392-T-30TBM

**AMERICAN SERVICE GROUP, INC.,**
**a Tennessee Corporation, d/b/a,**
**PRISON HEALTH SERVICES, INC.,**
**a Florida Corporation, EMSA**
**Correctional Care, Inc., a Florida**
**Corporation, CARL J. KELDIE, M.D.,**
**FACEP, SABRINA H. LASKER, R.N.,**
**BARBARA BURKE, LPN, MONICA L.**
**WELCH, LPN and SARASOTA**
**COUNTY SHERIFFS DEPARTMENT,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand and Incorporated Memorandum of Law (Dkt. # 14), Defendants' Motion to Correct Scrivener's Error and Supporting Memorandum of Law (Dkt. # 18), Plaintiff's Response to Defendants' Motion to Correct Scrivener's Error and Incorporated Memorandum of Law (Dkt. # 19), Defendant Sarasota County Sheriff's Department's Memorandum in Opposition to Plaintiff's Motion for Remand and in Support of Co-Defendants' Motion to Correct Scrivener's Error (Dkt. # 21), Plaintiff's Reply thereto (Dkt. #23), Defendants' Response to Plaintiff's Motion for Remand (Dkt. #26), and Defendants' Compliance to Order to Show Cause (Dkt. #28).

1

Plaintiff has moved for remand on the grounds that there was not unanimity of consent from all Defendants, that state law and not federal law issues predominate this case, and that Defendant Sarasota County Sheriff's Department ("SCSD") litigated in state court after removal. The Court, having reviewed these pleadings, and being otherwise fully advised, finds that the Plaintiff's Motion for Remand (Dkt. #14) should be denied and that Defendants' Motion to Correct Scrivener's Error (Dkt. #18) should be granted.

## I. Unanimity of Consent

Plaintiff argues that there was not unanimity of consent among the Defendants to remove this case, as required by 28 U.S.C. §§ 1441(a), 1446(a), and 1447(a). See Chicago, Rock Island, and Pac. Ry. Co. v. Martin, 128 U.S. 245, 247-8 (1900); Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001). The original Notice of Removal filed by Defendant Lasker in this Court on July 26, 2005, only indicated the consent of Defendant SCSD, and not any of the other served Defendants. (Dkt. #1). Defendants assert that they inadvertently omitted a paragraph from the Notice of Removal wherein counsel represented that the other four served Defendants, Prison Health Services, Inc. ("PHS"), EMSA Correctional Care, Inc. ("EMSA"), Carl J. Keldie, M.D., FACEP, and Barbara Burke, LPN, consented to removal. Defendants have moved to correct the original Notice of Removal. (Dkt. #18). In support of their motion, Defendants have submitted the affidavit of William E. Lawton, who avers that his firm represented PHS and all of its employees at the time of removal. (Dkt. #28).

The Court finds that defense counsel represented all served Defendants, except SCSD, at the time of removal and that Defendants consented to removal. Defendant SCSD's consent was provided with the original Notice of Removal. Consequently, the Court finds that there was timely unanimity of consent between all served Defendants and denies Plaintiff's motion.

## II. Predominant State Law Issues Claim

Plaintiff also claims that the Court should remand this case back to state court because issues of state law, rather than federal law, are predominant. (Dkt. #14 at 9-11). Defendant SCSD responds that Plaintiff's Complaint alleges an equal number of state and federal law issues. (Dkt. #21 at 5). Moreover, SCSD notes that the federal claims potentially expose it to greater liability than the state law claims.

Pursuant to 28 U.S.C. §1441(c), this Court has discretion to remand state law matters. While Plaintiff is correct that some federal courts exercise discretion to remand the entire case, including federal claims, to state court when matters of state law predominate, see, e.g., Alexander by Alexander v. Goldome Credit Corp., 772 F. Supp. 1217, 1223-24 (M.D. Ala. 1991); Holland v. World Omni Leasing, Inc., 764 F. Supp. 1442 (N.D. Ala. 1991), this Court is under no obligation to do so. Many federal district courts have openly disagreed with an interpretation of §1441(c) which would allow remand of an entire case when state law issues predominate. See, e.g., City of New Rochelle v. Town of Mamaroneck, 111 F. Supp. 2d 353 (S.D.N.Y. 2000); Mincy v. Staff Leasing, L.P., 100 F. Supp. 2d 1050 (D.Ariz. 2000). Thus,

without deciding whether issues of state law are predominant, the Court declines to exercise its discretion to remand the entire case to state court.

**III.  Defendant Sheriff's Department's Actions Following Removal**

Plaintiff claims that Defendant SCSD waived its right to remove by continuing to litigate in state court after the filing of the notice of removal. (Dkt. #14 at 12). Defendant SCSD admits that it filed a motion to dismiss in state court at least two days after removal. (Dkt. #21 at 6). SCSD's explanation for the filing is that it filed the motion to dismiss to avoid being defaulted for failing to respond to the complaint. According to SCSD, this does not translate into an intent to continue litigating in state court after removal.

Plaintiff is correct that a defendant waives its right to removal by taking actions in state court that manifest an intent to have the matter adjudicated there. However, Plaintiff relies on cases where the defendants' actions in state court which waived the right to removal occurred before removal was requested. See Estate of Krasnow v. Texaco, Inc., 773 F. Supp. 806 (E.D. Va. 1991) (remanding because the state court ruled on a motion for demurrer before the defendant requested removal); Chicago Title & Trust Co. v. Whitney Stores, Inc., 583 F. Supp. 575 (N.D. Ill. 1984) (remanding because defendant requested and was granted a continuance in state court, which it secretly used to prepare a notice a removal); Baldwin v. Perdue, Inc., 451 F. Supp. 373 (E.D. Va. 1978) (remanding because defendant filed a cross-claim before filing for removal). Here, Defendant SCSD filed a motion in state court *after* removal.

Moreover, the Court finds SCSD's reasoning for its action compelling.  SCSD filed its motion in state court out of an abundance of caution, rather than in an attempt "to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court."  Krasnow, 773 F. Supp. at 809.  Therefore, the Court finds that SCSD's decision to file a motion to dismiss in state court after consenting to a notice of removal did not constitute a waiver by participation.

Accordingly, the Court **ORDERS** that:

1. Defendants' Motion to Correct Scrivener's Error (Dkt. # 18) is **GRANTED**, and the Notice of Removal (Dkt. # 1) is **AMENDED** as described therein.

2. Plaintiff's Motion for Remand (Dkt. # 14) is **DENIED**.

**DONE and ORDERED** in Tampa, Florida on October 14, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2005\05-cv-1392.mot remand.wpd