UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GERRESE DANIELS**

    Plaintiff,

v.                                  Case No. 8:05-CV-1392-T-30TBM

**AMERICAN SERVICE GROUP, INC.,**
a Tennessee Corporation, d/b/a,
**PRISON HEALTH SERVICES, INC.,**
a Florida Corporation, EMSA
Correctional Care, Inc., a Florida
Corporation, **CARL J. KELDIE, M.D.,
FACEP, SABRINA H. LASKER, R.N.,
BARBARA BURKE, LPN, MONICA L.
WELCH, LPN and SARASOTA
COUNTY SHERIFFS DEPARTMENT,**

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss and Incorporated Memorandum of Law (Dkt. #4), Defendant Sarasota County Sheriff's Department's Motion to Dismiss (Dkt. #12), Defendant Sarasota County Sheriff's Department's Memorandum in Support (Dkt. # 11), and Plaintiff's Responses in Opposition thereto (Dkts. # 16, 25). Plaintiff's Complaint (Dkt. # 2) sets forth medical malpractice and civil rights claims pursuant to 42 U.S.C. §1983 in twelve counts. Defendants America Service Group, EMSA, Keldie, Lasker, Burke, and Welch have moved to dismiss pursuant to Rule 12(b), Fed. R. Civ. P., on the grounds that Plaintiff filed his complaint after the two-

1

year state statute of limitations had expired. (Dkt. # 4 at 4-5). Alternatively, Defendants argue that Plaintiff's claim for punitive damages should be stricken from the Complaint because it does not comply with Florida's statutory pleading requirements. (Dkt. #4 at 5). Defendant Sarasota County Sheriff's Department ("SCSD") has moved to dismiss on the grounds that it is not a proper party to the suit. The Court, having reviewed these pleadings, and being otherwise fully advised, finds that the Defendants' motions should be granted in part and denied in part.

## I. Statute of Limitations

### a. Medical Malpractice Claims

Defendants America Service Group, EMSA, Keldie, Lasker, Burke, and Welch correctly assert that under Florida law, medical malpractice actions must be brought within two years. See Fla. Stat. §95.11(4)(b). However, the Court agrees with Plaintiff that the complaint was timely filed because the statute of limitations was tolled.

Florida Statutes §266.106(4), governing medical malpractice actions, requires that notice of intent to litigate be served upon potential defendants within the two year statute of limitations. It further requires that litigation may not be commenced for ninety days following notification and that the statute of limitations is tolled during that ninety day period. Fla. Stat. §266.106(4).

The parties agree that Plaintiff's alleged injuries occurred on June 5, 2003. Plaintiff notified Defendants as statutorily required on September 15, 2003. (Dkt. # 16 at 3). Because the statute of limitations was tolled for the ninety day period following notification, Plaintiff

2

had until September 3, 2005, to timely file his medical malpractice action. Defendants concede that Plaintiff filed his complaint on June 17, 2005. (Dkt. #4 at 6). Thus, the Court finds that Plaintiff timely filed the medical malpractice claims.

### b. §1983 Claims

Defendants also argue that Plaintiff's complaint was not timely with respect to the civil rights claims. Defendants assert the general rule that absent a federal limitation, federal claims must be brought within the limitations period borrowed from the most applicable state statute. See Byrd v. MacPapers, Inc., 961 F.2d 157, 159 (11th Cir. 1992). Defendants thus conclude that Plaintiff's civil rights claims are subject to the Florida medical malpractice two-year statute of limitations.[1]

However, the Supreme Court has held that the statute of limitations for all §1983 claims should be determined by the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 280 (1985). In Florida, the statute of limitations for personal injury actions is four years. Fla. Stat. §95.11(3). Since the cause of action accrued on June 5, 2003, it is clear that Plaintiff timely filed his §1983 claims. Therefore, the Court denies Defendants' Motion to Dismiss based on the statute of limitations.

## II. Punitive Damages Claim

Defendants America Service Group, EMSA, Keldie, Lasker, Burke, and Welch have moved to dismiss the punitive damages claim in Plaintiff's Complaint (Dkt. # 2), arguing that

---

[1] Even if the Court agreed with Defendants' analysis, Plaintiff's complaint would still have been timely filed. As discussed above, Plaintiff complied with the medical malpractice two-year statute of limitations.

under Florida law, Plaintiff has not met the statutory pleading requirements to submit a claim for punitive damages.  Under Florida Statutes §768.72, a claim for punitive damages may not be added to a complaint without a reasonable showing or proffer of evidence.  However, the Eleventh Circuit has held that this heightened pleading requirement is not applicable in federal courts.  Cohen v. Office Depot, Inc., 184 F.3d 1292, 1298 (11th Cir. 1999); see also O'Keefe v. Darnell, 192 F. Supp. 2d 1351, 1360 (M.D. Fla. 2002); Kim v. Keenan, 71 F. Supp. 2d 1228, 1237 (M.D. Fla. 1999).  The Eleventh Circuit reasoned that §768.72, which prevents a party from pleading punitive damages, conflicts with Rule 8(a)(3), Fed. R. Civ. P., which permits a party to include in the complaint any relief sought.  Cohen, 184 F.3d at 1298.  In light of this conflict, the Eleventh Circuit decided that claims for punitive damages could be added to a complaint in a federal case without the reasonable showing or proffer of evidence required by §768.72.  See id. at 1299.  Therefore, this Court finds that Plaintiff's claim for punitive damages is proper and denies Defendants' motion to strike punitive damages from the Complaint.

**III. Proper Party**

Defendant SCSD moves for dismissal on the grounds that it is not an entity subject to suit.  Plaintiff agrees that the proper party to be named as a defendant in this case is the Sheriff of Sarasota County in his official capacity, rather than SCSD.  Plaintiff has requested leave to amend his complaint to add the Sheriff as the proper party.  Accordingly, the Court dismisses this case with respect to SCSD.

Accordingly, the Court **ORDERS** that:

1.	Defendants' Motion to Dismiss and Incorporated Memorandum of Law (Dkt. # 4) is **DENIED**.

2.	Defendant, Sarasota County Sheriff's Department's Motion to Dismiss (Dkt. # 12) is **GRANTED**, and Defendant Sarasota County Sheriff's Department is **DISMISSED** from this case without prejudice.

3.	Plaintiff may file a second amended complaint within twenty (20) days of the date of this order.

4.	If Plaintiff does not timely file a second amended complaint, Defendants shall file an answer to the Complaint (Dkt. #2) within thirty-five (35) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 21, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

5