**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GERRESE DANIELS,**

    **Plaintiff,**

v.

                                       Case No.  8:05-cv-1392-T-30TBM

**PRISON HEALTH SERVICES, INC.,**
**et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants Prison Health Services, Inc., Carl J. Keldie, M.D., Sabrina H. Lasker, Barabra Burke and Monica L. Welch's Motion to Dismiss With Prejudice and Memorandum of Law in Support Thereof (Dkt. #81), Defendant, William Balkwill's Motion to Dismiss, or Alternatively, Motion for Judgment on the Pleadings and Memorandum in Support (Dkt. #82), Defendant's, Michelle Hole, Motion to Dismiss, or Alternatively, Motion for Judgment on the Pleadings and Memorandum in Support (Dkt. #83), Defendant's, Matthew O'Kon, Motion to Dismiss, or Alternatively, Motion for Judgment on the Pleadings and Memorandum in Support (Dkt. #85), and Plaintiff's Memorandum in Response to Defendants' Motion to Dismiss (Dkt. #93).  The Court, having considered the motions, response, memoranda, second amended complaint, and being otherwise advised in the premises, finds that Defendants motions should be denied.

**Background**

On November 15, 2006, Defendants, Prison Health Services, Inc., Carl J. Keldie, M.D., Sabrina H. Lasker, Barabra Burke and Monica L. Welch, filed a Motion to Dismiss With Prejudice and Memorandum of Law in Support Thereof (Dkt. #81) arguing, in pertinent part, that Plaintiff's Second Amended Complaint (Dkt. #63) should be dismissed based on the following grounds: (1) Plaintiff failed to comply with this Court's June 19, 2006 Order (Dkt. #78) by failing to retain new counsel within 90 days and to prosecute this case; and (2) Plaintiff failed to comply with the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. §1997(e)(a) by failing to exhaust all available administrative remedies prior to filing his complaint with this Court.

**Motion to Dismiss Standard Under 12(b)(6).**

A motion to dismiss for failure to exhaust administrative remedies is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must

meet to survive a motion to dismiss is exceedingly low.  See <u>Ancata v. Prison Health Servs., Inc.</u>, 769 F.2d 700, 703 (11th Cir. 1985).  "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted.  <u>Sea Vessel, Inc. v. Reyes</u>, 23 F.3d 345, 347 (11th Cir. 1994).  Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims.  <u>Blumel v. Mylander</u>, 919 F.Supp. 423, 425 (M.D. Fla. 1996).  Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate.  <u>Marshall County Bd. Of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).

**I.     Plaintiff's failure to comply with this Court's June 19, 2006 Order.**

On December 11, 2006, Notice(s) of Appearance were filed by Theodore C. Eastmoore (Dkt. #86) and Edward K. DuBose (Dkt. #87) on behalf of Gerrese Daniels.  On December 14, 2006, Plaintiff's counsel filed a Motion to Extend Time to Respond to Motions to Dismiss (Dkt. #88) which was granted by the Court by Endorsed Order (Dkt. #89) on December 15, 2006.  Subsequently, on December 22, 2006, Plaintiff's counsel filed a Motion for Extension of Time to Complete Discovery (Dkt. #90) which was granted by the Court by Endorsed Order (Dkt. #91) on December 28, 2006.  Further, the Court entered an Amended Case Management and Scheduling Order to facilitate Plaintiff's request for an extension of the discovery deadline.  Accordingly, Defendants' first argument is moot.

**II.   Plaintiff's failure to comply with the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. §1997(e)(a).**

Section 1997(e)(a) states:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997(e)(h) entitled "Prisoner defined" states:

As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 543 U.S. 516, 524 (2002). The court must dismiss a claim if it determines that plaintiff failed to properly exhaust his administrative remedies with respect to that claim prior to filing suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).

Defendants argue that Plaintiff's complaint should be dismissed with prejudice for failing to exhaust all available administrative remedies prior to bringing this suit. However, Defendants do not offer affidavits or any other evidence supporting the assertion that Plaintiff was a prisoner on July 26, 2005 (the date this suit was filed or "brought" against Defendants).

The Second Amended Complaint alleges, in pertinent part:

    2.    At all times material, Plaintiff, Gerrese Daniels, was a resident of Sarasota County, Florida..."

* * *

    11.    Notice of Intention to Initiate Litigation against Defendants named herein was given in accordance with the requirements of Florida Statutes Section 766.106(2), and all pre-suit requirements necessary to bring this action have been performed.

Thus, the complaint does not indicate whether Plaintiff was a prisoner on or about July 26, 2005. Moreover, Defendants do not specifically state that Plaintiff was a prisoner on or about July 26, 2005. Defendants' argument requires the Court to look beyond the four corners of the complaint to determine whether Plaintiff was a "prisoner" as defined by Section 1997(e)(h) at the time this suit was brought, without offering evidence substantiating such a position. Accepting all the factual allegations in the complaint as true and evaluating all inferences derived from those facts in the light most favorable to Plaintiff, the Court concludes that Defendants' motions to dismiss, or in the alternative, motions for judgment on the pleadings should be denied without prejudice.

    It is therefore ORDERED AND ADJUDGED that:

1. Defendants Prison Health Services, Inc., Carl J. Keldie, M.D., Sabrina H. Lasker, Barabra Burke and Monica L. Welch's Motion to Dismiss With Prejudice and Memorandum of Law in Support Thereof (Dkt. #81) is DENIED without prejudice.

2. Defendant, William Balkwill's Motion to Dismiss, or Alternatively, Motion for Judgment on the Pleadings and Memorandum in Support (Dkt. #82) is DENIED without prejudice.

3. Defendant's, Michelle Hole, Motion to Dismiss, or Alternatively, Motion for Judgment on the Pleadings and Memorandum in Support (Dkt. #83) is DENIED without prejudice.

4. Defendant's, Matthew O'Kon, Motion to Dismiss, or Alternatively, Motion for Judgment on the Pleadings and Memorandum in Support (Dkt. #85) is DENIED without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on January 16, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1392.mtd 81.wpd