UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GERRESE DANIELS,**

    **Plaintiff,**

v.                                            Case No.  8:05-cv-1392-T-30TBM

**PRISON HEALTH SERVICES, INC.,**
**et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Matthew O'Kon's Verified Motion for Separate Trial and to Sever; Motion in Limine and Memorandum in Support (Dkt. 152), and Plaintiff Gerrese Daniels' Response in opposition to the same (Dkt. 159).  The Court, having reviewed the motion, response, and supporting memoranda, and being otherwise fully advised in the premises, determines that the motion should be granted in part and denied in part.

Defendant Matthew O'Kon has moved: (1) for severance and separate trial from Defendant William Balkwill, in his official capacity as Sheriff of the Sarasota County Sheriff's Office (**"SCSO"**), and (2) to prohibit introduction of evidence and comment, reference and/or argument pertaining to O'Kons's (a) criminal investigation, charges, or prosecution, (b) submission to a polygraph examination and its results, and (c) threatened discipline and termination from the SCSO.  Plaintiff has agreed it does not intend to

introduce evidence regarding the polygraph examination, criminal charges, or disciplinary actions taken by the SCSO.  However, Plaintiff does intend to introduce evidence generated in the investigation of O'Kon's actions by the SCSO which constitutes an admission of O'Kon's intent to injure Plaintiff.  Plaintiff also intends to use statements from O'Kon's criminal trial for impeachment purposes.

The Court agrees that evidence relating to O'Kon's admission of intent is relevant and of high probative value.  The introduction of such evidence, though prejudicial to O'Kon, would not be unfair.  Furthermore, the Court agrees with Plaintiff that bifurcation of O'Kon's trial from the SCSO would be inappropriate in this action.  The facts, issues, and sequence of events alleged by Plaintiff as to O'Kon are significantly intertwined with those alleged as to the other defendants.  Separate trials would not expedite the resolution of this matter, nor would they be conducive to judicial economy.  Moreover, the relief agreed to by Plaintiff mitigates the risk of unfair prejudice to O'Kon.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Matthew O'Kon's Verified Motion for Separate Trial and to Sever; Motion in Limine and Memorandum in Support (Dkt. 152) is **GRANTED in part and DENIED in part** as set forth herein.

2. Defendant's Motion is denied to the extent it moves for severance and a separate trial.

3. Defendant's Motion is granted to the extent it seeks to preclude the introduction of evidence regarding O'Kon's (1) criminal investigation,

charges, or prosecution, (2) submission to a polygraph examination and its results, and (3) threatened or actual discipline by and termination from the SCSO. However, Plaintiff may introduce evidence generated from the investigation of O'Kon's actions to the extent it constitutes an admission of his intent to injure Plaintiff. Further, Plaintiff may use documents and statements from O'Kon's criminal trial, if otherwise admissible, for impeachment and other purposes.

**DONE** and **ORDERED** in Tampa, Florida on December 12, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1392.mt sever and mt limine.frm